SOL LUIS DESCARTES, en su carácter de TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; ALFONSO VALDÉS COBIÁN, interventor.

Núm. 238.—*Sometido:* Mayo 8, 1950. *Resuelto:* Julio 7, 1950.

Hon. *Procurador General Vicente Géigel Polanco* y *Manuel J. Medina Aymat, Procurador General Auxiliar,* abogados del peticionario; *J. Alemañy Sosa,* abogado del interventor, querellante en el pleito principal.

*PER CURIAM:* En su declaración de ingresos correspondiente al año 1944 Alfonso Valdés Cobián dedujo $3,800 en concepto de una pérdida que sufrió en su casa residencia por daños ocasionados por un temporal a la instalación de plomería de la misma. El Tesorero de Puerto Rico denegó la deducción basándose en que la sección 16 (*a*) (6) de la Ley de Contribuciones sobre Ingresos sólo autoriza deducciones de esta naturaleza de "pérdidas sufridas durante el año contributivo" y que, habiendo ocurrido la del presente caso en octu-

bre 14, 1943, fecha del temporal, no podía deducirse en el año 1944. Acudió el contribuyente al Tribunal de Contribuciones y, celebrada una vista, dicho tribunal dictó sentencia declarando con lugar la querella y ordenó al Tesorero deducir los $3,800 de los ingresos que el contribuyente hubo en 1944. A petición del Tesorero expedimos auto de *certiorari* para revisar dicha sentencia.

Al resolver hoy una cuestión similar en el recurso núm. 242 de *Valdés* v. *Tribunal de Contribuciones*, ante, pág. 716, y después de citar la jurisprudencia y autoridades interpretativas de la sección 16(*a*)(6) de la Ley de Contribuciones sobre Ingresos, concluímos que: (1) la regla general es que una pérdida es deducible cuando de hecho físicamente ocurrió la pérdida; (2) como excepción, el contribuyente puede aplazar la deducción si puede demostrar que durante el año en que ocurrió la pérdida física, no pudo razonablemente esperar que tuviera suficiente información para determinar con algún grado de exactitud el importe de la misma; (3) cada caso depende de sus propios hechos en cuanto a "cuándo una pérdida de hecho ha ocurrido verdaderamente . . .", *Pike County Coal Corporation* v. *Commissioner*, 4 B.T.A. 625 (1926); y (4) que el contribuyente tiene el peso de la prueba cuando intente posponer la deducción por la pérdida.

Veamos si el presente caso cae bajo la regla general, o si, por el contrario, el contribuyente probó que su caso cae bajo la excepción.

El Tribunal de Contribuciones hizo constar en su opinión, como probados, los siguientes hechos:

"En la vista de mayo 24 de 1949 los litigantes estuvieron de acuerdo en cuanto a que no hay discrepancia respecto al importe de la pérdida sufrida, ni en lo concerniente a la causa y naturaleza de los deterioros.

"En octubre 14 de 1943, cuando ocurrió el temporal, el contribuyente se hallaba en los Estados Unidos, a donde fué desde principios de 1943, para someterse a un tratamiento médico, que duró aproximadamente un año y medio. .

"Estuvo, hasta mediados de 1944, yendo a ver sus médicos, a razón de dos o tres veces por semana, en el Medical Center de Nueva York y en el hospital de Johns Hopkins, de Baltimore.

"Su padecimiento era en el octavo nervio del cráneo, que le producía vértigos y le afectaba el oído. El tratamiento tuvo éxito, y el demandante experimentó mejoría en su dolencia.

"Rodolfo Vera, quien por espacio de 30 años ha sido administrador de los asuntos y negocios particulares del contribuyente, quedó encargado totalmente de ellos aquí en Puerto Rico durante el tiempo en que fué necesario para el recurrente ausentarse por causa de su padecimiento.

"Su casa en Mayagüez, cuyo abastecimiento de agua, por acueducto privado, fué el averiado, permaneció instalada por todo el tiempo que duró su ausencia, quedando en ella, para su cuido, un sirviente y dos jardineros. Vera no intervino en la administración de la misma.

"Ni el acueducto damnificado, ni su residencia de Mayagüez, estaban asegurados; y el contribuyente no ha recibido compensación alguna por las pérdidas en el acueducto privado de que se trata.

"En 1943, debido a la Guerra Mundial II, aquí en Puerto Rico no se podía comprar metales, que eran útiles para la defensa nacional, mientras no se adquiriera permiso, mediante turnos para ello, del Gobierno de los Estados Unidos.

"El contribuyente no pudo obtener en 1943 el material necesario para las reparaciones de su acueducto."

Entre sus conclusiones el tribunal hizo constar las siguientes:

"3. No había urgencia para, ni necesidad de, que el apoderado o administrador Rodolfo Vera se ocupara de los deterioros sufridos en el acueducto particular en la residencia del demandante, quien optó por proceder, después de su regreso a Puerto Rico, a la reparación necesaria y rehabilitar su vivienda.

"4. Hubo la inevitable demora en la obtención de una 'prioridad' fijada oficialmente por el Gobierno Federal, durante la Guerra Mundial II, para la adquisición de los materiales necesarios—los cuales eran de metales útiles para la defensa nacional —e indispensables para las reparaciones del acueducto particular averiado.

"5. Dentro de las circunstancias anteriormente señaladas no podía determinarse el verdadero importe de las pérdidas sufridas hasta que se hubieran terminado las reparaciones.

"6. A éstas se procedió con razonable diligencia; y a juzgar por los hechos del caso, es indudable que el contribuyente procedió de buena fe, y que no ha sido su propósito el llevar a un año posterior deducciones de su ingreso que debieron ser rebajadas en el mismo año en que acaeció el siniestro que originó los gastos debatidos, pero que no ocasionó una pérdida total fácilmente calculable."

Dos son los hechos que consideró el tribunal inferior suficientes para justificar que el contribuyente no cumpliera con la sección 16 (a) (6) de la Ley de Contribuciones sobre Ingresos, a saber, la ausencia del contribuyente de Puerto Rico durante más de un año y el no haber podido obtener una prioridad para comprar los materiales hasta después que regresó a Puerto Rico. No podemos estar conformes con que estos hechos hagan caer el presente caso en la excepción a la regla general establecida en la ley.

El hecho de que el contribuyente estuviera ausente de Puerto Rico durante un año o más, por el motivo que fuere, no constituye excusa para el no cumplimiento con el requisito de la sección 16 (a) (6) de la ley en cuanto a que las deducciones por pérdidas deben hacerse en el año contributivo en que ocurrieron. Al contribuyente compete regular sus asuntos, tanto comerciales como particulares, en tal forma que durante su ausencia éstos puedan ser atendidos debidamente y, como consecuencia, cumplidos los requisitos que exige la ley. Como corolario, tampoco puede subsistir el segundo fundamento, ya que nada hay en la prueba que tienda a demostrar que desde que ocurrió la pérdida el 14 de octubre de 1943 hasta el 15 de marzo de 1944, el contribuyente no hubiera podido obtener la prioridad necesaria para comprar los materiales para reparar el daño causado por el temporal. Tampoco se probó por el contribuyente que, no obstante el requisito de la prioridad que tenía que obtener, no se pudiera determinar el valor de los materiales durante el período com-

prendido entre las fechas mencionadas. Ya hemos dicho que al contribuyente corresponde el peso de la prueba cuando intenta posponer la deducción por la pérdida. Ese requisito no fué cumplido por el contribuyente.

*Debe revocarse la decisión del Tribunal de Contribuciones y desestimarse la querella del contribuyente.*

El Juez Asociado Sr. Negrón Fernández se inhibió.